KING & BALLOW
LAW OFFICES
315 UNION STREET
SUITE 1100
NASHVILLE, TENNESSEE 37201

TELEPHONE: 615/259-3456
FACSIMILE: 615/254-7907

www.kingballow.com

June 25, 2018

Via CM/ECF

Ms. Deborah S. Hunt
Clerk of Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart United States Courthouse
100 East Fifth Street
Cincinnati, OH 45202-3988

Re:   *Jones Bros., Inc. v. Sec'y of Labor et al.*, Case No. 17-3483

Dear Ms. Hunt:

Petitioner Jones Brothers, Inc. ("Jones Brothers"), pursuant to F.R.A.P. 28(j), submits this letter and response to the government's letter (D.E. 64-1) alerting the Court to the Supreme Court's June 21, 2018 decision in *Lucia v. SEC*, No. 17-130, 585 U.S. ___ (2018) (slip op.). The Supreme Court's holding in *Lucia* confirms Jones Brothers' position that the Commission ALJ here was unconstitutionally appointed. Indeed, in its Supplemental Brief, the government finally admitted a constitutional violation had occurred. (D.E. 50 at 2). The *Lucia* Court also addressed two other significant issues that are present in this case: timeliness and remedy.

First, the Court held that Lucia's challenge was timely: "He contested the validity of [the ALJ]'s appointment <u>before the Commission, and continued pressing that claim in the Court of Appeals</u> . . . ." (slip op. at 12 (emphasis added)). Here, Jones Brothers unquestionably raised its Appointments Clause challenge <u>before the Commission and this Court</u>. (*See* D.E. 28 at 8–13). The Commission conceded Jones Brothers raised this issue by noting that the "footnote on the circuit split was the first time [Jones Brothers] had even attempted to interject [the Appointments Clause issue] into the case." (D.E. 14 at 6). That concession and the record evidence eviscerates the government's bald assertion that Jones Brothers "did not present any such timely challenge." (D.E. 64-1 at 1). *Lucia* therefore <u>confirms</u> that Jones Brothers' challenge was timely.

Second, the Court held an Appointments Clause violation of this kind cannot be remedied by having the same ALJ rehear the case, "even if he has by now received (or receives sometime in the future) a constitutional appointment." (slip op. at 12). Instead, "[t]o cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing . . . ." *Id.* at 12–13. Jones Brothers addressed this remedy issue and the need for a new, de novo hearing before a different,

1

properly appointed ALJ both at oral argument and in its response to the government's April 5, 2018 Rule 28(j) letter. (D.E. 60 at 2; *see* D.E. 59-1 at 1.)

                                            Sincerely,

                                            *s/ R. Eddie Wayland*
                                            R. Eddie Wayland
                                            Counsel for Petitioner Jones Brothers, Inc.

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of this Response was electronically filed and served via the Court's CM/ECF electronic filing system to all counsel of record on the 25th day of June, 2018.

*s/ R. Eddie Wayland*
R. Eddie Wayland
